The Ohio and Mississippi R. R. Co. v. Burton.

---

THE OHIO AND MISSISSIPPI R. R. Co. v. BURTON.

CONSTRUCTION OF EVIDENCE.—The decision herein turns wholly upon the construction of the evidence. See opinion at length.

APPEAL from the *Lawrence* Common Pleas.

DAVISON, J.—*Burton* sued the railroad company, alleging in his complaint that the defendant, on the 8th of *January*, 1862, at or near *Georgia*, on the line of her road in the county of *Lawrence*, without leave, unlawfully took 398 cross ties belonging to the plaintiff, of the value of 98 dollars and 70 cents, wherefore he has sustained damage to the amount of

100 dollars, for which he demands judgment, &c. The defendant answered by a denial. The Court tried the issues and found for the plaintiff, 82 dollars and 25 cents. New trial refused and judgment, &c.

The only question to settle is, does the evidence sustain the finding? Upon the trial the plaintiff, having been sworn as a witness, testified thus: "Prior to *December*, 1861, I had some talk with *Baldwin*, the road-master of the defendant's railroad, by which I was to deliver any quantity he might choose, of good merchantable cross ties, on the line of the road, at such times and places as was convenient, and the defendant was to pay me therefor, on such delivery, 25 cents per cross tie. The ties were to be paid for on delivery. I accordingly delivered 102 cross ties, on the line of the road at the town of *Georgia*, and 229 on said line one mile distant from *Georgia*. After the delivery of the ties, and during the month of *January*, 1861, *William Moffatt*, an engineer of the defendant, took away on the defendant's cars 102 of the ties, and afterwards, in *January*, 1862, he, *Moffatt*, took away 229 of said ties, without my consent, and without paying for the same. After the removal of the ties I saw a portion of them laid down and used on the track of the defendant's road. The defendant did not, when the ties were delivered, or at any time since, pay me for them, or any part of them. This was all the evidence. If the delivery of the cross ties on the line of the road was absolute, so as to vest the property in the defendant, then the plaintiff can not recover. His action should have been in form *ex contractu* and not *ex delicto*. But does a proper construction of the evidence show an absolute delivery to the defendant? The plaintiff, in his testimony, says that he delivered the ties on the line of the road and that defendant took them away without his consent, and without paying for them. Now, is that anything more than saying that he placed the ties on the line of the road, intending

to deliver them when paid for? He does not say that he delivered the ties to the defendant, and hence it may be readily inferred that he considered them, while on the line of the road, and until he was paid, his property. The lower Court has, it seems to us, construed the evidence correctly, and we are not inclined to disturb its conclusions.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*N. F. Malotte, Thos. R. Cobb* and *Theo. Gazlay,* for the appellant.

*Gideon Putnam,* for the appellee.